CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 18, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EBONY CAPRICE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00825 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN ERIC ALDRIDGE, | ) | By:    Hon. Thomas T. Cullen |
| *et al.*, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

Plaintiff Ebony Caprice Miller, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against several senior correctional officers at the Fluvanna Correctional Center for Women where Plaintiff is incarcerated. (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's allegations fail to state a claim.

In her complaint, Plaintiff alleges that her due process rights have been violated, she has been discriminated against based on her sexual preferences, and she has been subjected to "constant harass[ment]" for filing grievances. (Compl. at 2.). She further claims to have been "targeted due to a personal relationship [she] has" with an unnamed individual, and that she has been "put in segregation under false pretenses more than once" in an effort "to stop [Plaintiff] from speaking up." (Compl. at 2.) Plaintiff fails to specify which Defendant engaged in allegedly wrongful acts, and, aside from a general listing of Defendants on a form complaint, fails to mention them at all in her pleading.

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prison complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true, draws all reasonable inferences in Plaintiff's favor, and then asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files her complaint *pro se*, the court construes the allegations in her favor liberally and should not dismiss her claim unless "it appears certain that [she] cannot prove any set of facts in support of [her] claim entitling [her] to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil-rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting

under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, even liberally construing Plaintiff's complaint in her favor, Plaintiff has failed to allege facts that would show that any defendant violated her constitutional rights, and the court must therefore dismiss her claims.

To state a claim under § 1983, a plaintiff must allege a personal connection between each defendant's actions and the denial of her constitutional rights. *See id.*; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (cleaned up)). Plaintiff does not allege a personal connection between any Defendants and the alleged violation of her rights, and she cannot rely merely on the allegation that "defendants" violated her rights without specific allegations as to each that would give rise to liability. *See, e.g., Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual defendant. Blanket conclusory allegations as to multiple defendants are insufficient. A plaintiff cannot rely on bare allegations relating to the conduct of all defendants to hold a defendant liable, but must identify specific acts or conduct taken by each defendant to state a claim." (cleaned up)). Because Plaintiff has failed to allege individual actions by any Defendant that allegedly violated her rights, she has failed to state a claim.

Although her complaint, in its present form, is subject to dismissal under 28 U.S.C. § 1915A, the court will grant Plaintiff 30 days to file an amended complaint to address the noted deficiencies.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 18th day of June, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE