CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 31, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

EBONY CAPRICE MILLER,

Plaintiff,

v.

WARDEN ERIC ALDRIDGE, *et al.*,

Defendants.

Case No. 7:25-cv-00825

**MEMORANDUM OPINION**

By: Hon. Thomas T. Cullen
United States District Judge

---

Plaintiff Ebony Caprice Miller, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against several senior correctional officers at the Fluvanna Correctional Center for Women where Plaintiff is incarcerated.[1] (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, the court will dismiss this action without prejudice.

In her amended complaint, Plaintiff alleges as follows:

> [In June 2025 and on July 6, 2025 and July 25, 2025,] I was put on a Keep Separate with [a] Z. Williams and did not have any reason as to why. The defendants assumed that this person was my girlfriend. I have written complaints but they disappear. No records of them. I was placed in Seg for a[n] inmate attacking me. [T]his a C/O witnessed but I still was placed in Seg while the person who attacked me continued to remain on the compound. While keeping me from certain buildings because of Williams, I got into a serious fight and had to go to the hospital. I've been under severe stress [and] having seizures back[-]to[-]back making me go to the ER. By assuming Z. Williams was my girlfriend without any evidence[,] I was put through constant moves, severe stress, hair lost [*sic*], weight loss, [and] couldn't complete school. I was placed in a program that there is no policy for. There is <u>no</u>

[1] Plaintiff initiated this action by filing her original complaint. (*See* ECF No. 1.) Upon screening of the complaint pursuant to 28 U.S.C. § 1915A, the court determined that Plaintiff had failed to state a claim upon which relief can be granted and ordered Plaintiff to submit an amended complaint within 30 days. (*See* ECF No. 8.) Plaintiff's amended complaint—which is her operative pleading—was docketed on July 31, 2026. (*See* ECF No. 9.)

> programming going on[,] just being housed in Seg. I have copies of all the paper work [*sic*] I've done but it keep[s] coming up missing, or I never hear back from it. The defendants have been threatening to ship me out of State[.] [T]his is retaliation because I write everything up. I've been sexually assaulted by a[n] officer[.] I've left messages on #33 and PREA[2] #55. I'm being targeted by officers. I've been put in many unsafe situations that the Administration has left me in. I have the right to know who my Keep Separates are and to know why they are there. I have been lied on by Staff[,] put in Seg[, and] continue to be harassed by Staff due to the Administration.

(ECF No. 9 at 5–6) (emphasis in original).

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prison complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files her complaint *pro se*, the court construes the allegations in her favor liberally and should not dismiss her claim unless "it appears certain that [she] cannot prove any set of facts in support of [her] claim entitling [her] to relief." *Shaw v. Foreman*,

[2] The court understands Plaintiff's reference to "PREA" to be a citation to the Prison Rape Elimination Act. *See Bishop v. Lambert*, No. 7:22-cv-00614, 2023 WL 1466621, at *1–2 (W.D. Va. Feb. 2, 2023) (generally discussing PREA).

59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims appear to arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, even liberally construing Plaintiff's amended complaint in her favor, Plaintiff has, once again, failed to allege facts that would show that any defendant violated her constitutional rights, and the court must therefore dismiss this action.

To state a claim under § 1983, a plaintiff must allege a personal connection between each defendant's actions and the denial of her constitutional rights. *See id.*; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (cleaned up)). As in her original complaint, Plaintiff does not allege in her amended complaint a personal connection between any of Defendants and the alleged violation of her rights, and she cannot

rely merely on the allegation that "defendants" violated her rights without specific allegations as to each of their conduct that allegedly gives rise to liability. *See, e.g.*, *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual defendant. Blanket conclusory allegations as to multiple defendants are insufficient. A plaintiff cannot rely on bare allegations relating to the conduct of all defendants to hold a defendant liable, but must identify specific acts or conduct taken by each defendant to state a claim." (cleaned up)). Because Plaintiff has, once again, failed to allege individual actions by any Defendant that allegedly violated her rights, she has failed to state a claim. And because Plaintiff has had multiple opportunities to plead actionable claims against Defendants, the court will dismiss this action without prejudice.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 31st day of August, 2026.

*<u>/s/ Thomas T. Cullen</u>*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE